IN THE UNITED STATES DISTIRCT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KATARZYNA FOULGER, DAVID SHNITZER, TIFFANI PADILLA, STEPHEN PADILLA, RANDI HEKKEMA, JOSEPH HEKKEMA, ALEXANDRA HODOR, and NICOLE WHITE, <br><br>Plaintiffs, <br><br>vs. <br><br>AVERTEST, LLC d/b/a AVERHEALTH <br><br>Defendant. | Case No.: 1:24-MC-00062 <br><br>EDMO Case No.: <br>Case No: 4:22-CV-00878-SHL <br><br>**ORAL ARGUMENT REQUESTED** |

## AVERHEALTH'S RESPONSE IN OPPOSITION TO MUSKEGON COUNTY'S MOTION TO QUASH SUBPOENA

Avertest, LLC d/b/a Averhealth ("Averhealth"), requests this Court deny the motion of Muskegon County ("Muskegon") to quash the May 22, 2024, Subpoena to the Muskegon County Family Court (the "Subpoena"). Averhealth has a legitimate interest in the records sought by the Subpoena, so production is not barred by M.C.L. 712A.28(5)(d) or Michigan Court Rule 3.925(D)(1). Because production is not barred and has been sought, but not obtained, from a party to the case, the Subpoena does not impose an undue burden on Muskegon. Averhealth took reasonable steps to avoid imposing undue burden on Muskegon as a third party prior to serving the underlying subpoena, so Muskegon's request for sanctions should be denied.

## BACKGROUND

The underlying matter, pending in the Eastern District of Missouri, involves claims by eight plaintiffs, several of whom are Michigan citizens and others who are not, who claim that they were subjected to drug tests by Averhealth they claim caused them harm after they received false-positive test results. One such Michigan plaintiff, Tiffani Padilla, alleges that Averhealth was

negligent in performing its drug testing services and that the allegedly false drug tests caused her to lose custody of and contact with her son. Exhibit A, Complaint, ¶ 335.

Prior to issuing the underlying Subpoena, Averhealth propounded at least three Requests for Production in party discovery directed at the documents sought in the subpoena:

- "All documents, including records, pleadings, reports, and order related to or in any way involving placement of the minor child M.P. in foster care, as alleged in paragraph 329 of the Amended Complaint."
- "All documents, including records, pleadings, reports, and order related to or in any way involving visitation by Plaintiffs with the minor child M.P., as alleged in paragraph 332 of the Amended Complaint."
- "All documents, including records, pleadings, reports, and order related to or in any way involving determinations of custody over the minor child M.P., as referenced in paragraph 350 of the Amended Complaint."

As to each request, Ms. Padilla repeated the following objection: "Objection. This request is overly broad. It asks for all pleadings and motions. Necessarily, this asks for each entry of appearance, motion to exceed page limitations, etc. It increases undue burden and expense. 'All records' would include documents protected by the attorney/client privilege. That term is vague as well." *See* Exhibit B, Plaintiffs Tiffani and Stephen Padilla's Responses and Objections to Defendant's First Requests for Production, ¶¶ 18-20.

Ms. Padilla's responses then reference 200 pages of documents, many of which are Children's Protective Services ("CPS") records. The records obtained thus far suggest that it was not positive drug tests, but Ms. Padilla's conduct unrelated to drug use, that caused CPS to recommend termination of Ms. Padilla's visitation rights. However, there are significant gaps in the records and very few court documents. She provided her responses to these requests on September 9, 2023, and has not supplemented her responses or production as to these requests. Averhealth understands from these responses that Padilla is herself unwilling to obtain and produce to Averhealth the records in her child abuse and neglect case.

Due to the critical importance of the child abuse and neglect case to Averhealth's defense of the underlying litigation, and the apparent unwillingness of Ms. Padilla to produce the records herself, Averhealth served the Subpoena for the case file in Case No. 12042093-NA on Muskegon County Family Court on June 6, 2024. Counsel for Averhealth did not hear anything from Muskegon until June 11, 2024, in an email from Muskegon's counsel requesting that Averhealth withdraw the Subpoena. As counsel were at the time addressing other matters, Averhealth was unable to reply before Muskegon filed its motion to quash two days later, on June 13, 2024.

In connection with this case, Averhealth has served eight other subpoenas on five other Michigan courts, including the 60th District Court and 14th Circuit Court in Muskegon. All other Michigan courts have timely complied with Averhealth's subpoenas.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 45(d)(3) provides that a subpoena must be quashed if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In ruling on a motion to quash, courts within the Sixth Circuit generally apply basic discovery law applicable to parties under Federal Rule of Civil Procedure 26(b), "compelling production of information 'that is relevant to any party's claim or defense and proportional to the needs of the case,' Fed. R. Civ. P. 26(b)(1), and balancing the interests against disclosure with the requesting party's need to obtain the information." *Cahoo v. SAS Institute Inc.*, 377 F.Supp.3d 769, 774 (E.D. Mich. 2019) (collecting cases).

# ARGUMENT

**A. The Motion to Quash should be denied because Averhealth has a legitimate interest in the records sought.**

Muskegon incorrectly contends the records responsive to the Subpoena are neither public nor disclosable under M.C.L. 712A.28(3) and Michigan Court Rule 3.925. Both the statute and the rule on which Muskegon rely pertain to cases involving minors, and they limit disclosure of records to "persons having a legitimate interest," which:

> includes, but is not limited to, the juvenile, the juvenile's parent, the juvenile's guardian or legal custodian, the juvenile's guardian ad litem, counsel for the juvenile, the department or a licensed child caring institution or child placing agency under contract with the department to provide for the juvenile's care and supervision if related to an investigation of child neglect or child abuse, law enforcement personnel, a prosecutor, a member of a local foster care review board established under 1984 PA 422, MCL 722.131 to 722.139a, the Indian child's tribe if the juvenile is an Indian child, and a court of this state.

M.C.L. 712A.28(5)(d) and Mich. Court R. 3.925(D)(1). Rule 3.925(D)(2) further provides that only "persons who are found by the court to have a legitimate interest may be allowed access to the confidential files," and in determining whether a person has a legitimate interest, the court shall consider the nature of the proceedings, the welfare and safety of the public, the interest of the minor, and any restriction imposed by state or federal law."

As detailed above, Ms. Padilla has alleged that Averhealth was negligent in performing its drug testing services and that the allegedly false drug tests caused her to lose custody of her son. Exhibit A, ¶ 335. With these allegations, she has put the abuse and neglect case directly at issue. Averhealth is entitled to test Ms. Padilla's claim by engaging in discovery. And having first sought relevant information from Ms. Padilla herself with no success, it is entirely appropriate that Averhealth attempted to supplement its existing discovery efforts by serving subpoenas on third parties. Averhealth seeks the records to determine a crucial fact: on what grounds the court made

visitation and custody determinations. Accordingly, though not a party specifically enumerated in the statute, Averhealth has a legitimate interest in the records.

Averhealth understands that the statute and rule are intended to safeguard the interests of minors. This purpose can be achieved equally under the protective order in the underlying litigation. *See* Exhibit C, Protective Order. Muskegon may designate any records produced that it feels warrant protection as "Confidential," which will prevent the documents and information contained therein from disclosure to anyone outside of the case. *See id.*, ¶¶ 2, 6.

### B. The Motion to Quash should be denied because the subpoena does not subject Muskegon to any undue burden.

"Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." *Id.* (quoting *Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136).

Muskegon claims that the Subpoena constitutes an undue burden because it would require Muskegon to violate Michigan law, and because Averhealth failed to request the records from Ms. Padilla. Both concerns are misplaced. As set forth above, Averhealth has a legitimate interest in the requested case filed, so its production would not violate Michigan law. Moreover, despite Muskegon's apparent misapprehensions to the contrary, Averhealth *has* requested the case records from Ms. Padilla in party discovery. She has simply refused to produce them.

5

While Muskegon is a non-party, it does not dispute it possesses relevant documents with potentially critical information to Averhealth's defense of the underlying litigation. And the Subpoena is narrowly tailored: it requests the case file from one specific case, identified by case number. Compliance would only require Muskegon to download these documents and transmit them to counsel for Averhealth. Therefore, the Subpoena does not constitute an undue burden.

**C. The Court should deny Muskegon's request for sanctions.**

There is no basis for Muskegon's request for sanctions. Averhealth is making a good-faith effort to obtain materials it needs for its defense in the underlying case, having failed to obtain them in party discovery—that is not sanctionable conduct, it is ordinary discovery practice in the federal court system sequenced in an appropriate fashion. That portion of the motion should also be denied.

Federal Rule of Civil Procedure 45(d)(1) provides that a court must impose "an appropriate sanction" on a party who fails to "take reasonably steps to avoid imposing undue burden or expense on" the person subject to the subpoena. An award of attorney's fees under Fed. R. Civ. P. 45(d)(1) is within the Court's discretion. *United States v. Real Property Located at 36695 Clarita, Livonia, Mich. 48152*, Case No. 15-12679, 2015 WL 6437214, at *2 (E.D. Mich. Oct. 22, 2015). Courts in the Sixth Circuit have declined to impose Rule 45 sanctions where the conduct at issue was not egregious. *See In re Risner*, 338 F.R.D. 380, 383 (S.D. Ohio 2021). Even where the Court determines that a subpoena constitutes an undue burden, it may exercise its discretion to determine that an award of attorney's fees is not warranted. *See 36695 Clarita*, 2015 WL 6437214, at *2.

Under Muskegon's theory, the Court *must* impose sanctions for Averhealth's Subpoena of records to which it believes, in good faith, it is entitled. Averhealth took reasonable preliminary steps to avoid needing to burden Muskegon at all, let alone unreasonably: it first requested the

records in party discovery and, when Ms. Padilla declined to produce them, it subpoenaed Muskegon as a custodian of court records. Even if accepted (and it should not be for the above reasons) Muskegon's position—that Averhealth lacks a legitimate interest in and is not entitled to the case records—in no way renders the Subpoena, or Averhealth's refusal to withdraw it, unreasonable. The Court should not impose sanctions.

## **CONCLUSION**

Averhealth respectfully requests that this Court deny Muskegon County's Motion to Quash the Subpoena; order Muskegon County to produce all court documents in Case No. 12042093-NA; and award Averhealth any other relief that this Court deems just and equitable.

ARMSTRONG TEASDALE LLP

By: */s/ Serena G. Rabie*
Serena G. Rabie (P81951)
100 North Riverside Plaza
Chicago, IL 60606-1501
314.621.5070
312.419.6900 (facsimile)
srabie@atllp.com
tgearin@atllp.com
dott@atllp.com
ncejas@atllp.com
E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC D/B/A AVERHEALTH

## Certificate of Service

The undersigned certifies that on the **27th** day of **June**, **2024**, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

                                              */s/ Serena G. Rabie*